*988 OPINION.
Smith:
The questions presented by this proceeding are (1) the cost and actual cash value of certain intangibles consisting of good will, formulas, trade-marks, and trade brands paid in to the petitioner corporation at organization on September 1, 1911, for $83,968.26 par value of its capital stock, and the value of such intan *989 gibles at March 1, 1913; (2) whether the petitioner is entitled to deduct from gross income of 1918 any amount representing the loss through obsolescence or otherwise of such intangibles; (3) whether the petitioner is entitled to deduct from gross income of 1919 any amount in respect of the loss of the value of such intangibles in 1919; and (4) if it is entitled to any such deduction for 1919, whether the deduction may be made for the purpose of computing a “ net loss ” under section 204 of the Revenue Act of 1918.
The most important question for consideration is the fair market price or value on March 1,1913, of the intangibles paid in for shares of stock in 1911. If they had no such value on that date the petitioner is not entitled to deduct any amount from gross income of the years 1918 and 1919 in respect of them. The predecessor partnership apparently operated at a considerable profit. Although the two Yochim brothers started in business on borrowed capital, in the course of a few years they had paid off their debts and had accumulated some property. At the date of incorporation the tangibles had a clear value in excess of $20,000. The corporation operated either at a net loss or with a negligible profit for the first five or six years of its existence. It did not even earn a fair return upon its tangibles. The evidence would indicate that this showing is due in large part to an unfortunate venture which the corporation entered into in the manufacture and sale of soft drinks. We can not, however, determine from the evidence the amount of the loss attributable to the soft-drink business. The auditor’s report for the year 1913 indicates that most of the stock purchased for the manufacture of soft drinks had been disposed of prior to the close of 1913. The corporation operated at some profit for the year 1914; sales for the year 1915 were much less than those for 1914, and it is not in evidence whether there was a net profit for that year; the net profits for the years 1916 and 1917 were small.
At the hearing it was attempted to prove the value of the intangibles at March 1, 1913, by an offer made by one Viguerie to purchase $30,000 of the petitioner’s capital stock at par. This offer was not accepted because Viguerie was to turn in a stock of liquors owned by him at the invoice price of from $22,000 to $25,000 and the Yochim Brothers had some doubt as to the salability of this stock at the invoice price. The only other important evidence of value of the intangibles at the basic date is the sale of a few shares of stock at par during the years 1911, 1912, and 1914. We think, however, that the sale of these few shares of stock furnishes little evidence of the value of the intangibles of the petitioner in 1913. It appears to us that the earnings afford the most satisfactory evidence of value and those earnings indicate that the intangibles had little more than a *990 nominal value. In the absence of evidence showing a fair market price or value for the intangibles on March 1,1913, the determination of the respondent that thejr had no value on the basic date and that the petitioner sustained no loss when the worthlessness of them- was made apparent by national prohibition in 1918 or 1919, must be sustained.
In view of this conclusion, it is not necessary to consider the other allegations of error-made by the petitioner.
In his answer to the petition the respondent alleged error in computing the invested capital for the year 1919. This was computed without applying the 25 per cent limitation to intangibles provided for by section 326 (a) (4) of the Revenue Act of 1918. The limitation imposed by the statute should be applied in determining the correct deficiency for the year 1919.
Judgment will be entered on 15 days’ notice, under Bule 50.